Rubenia del Carmen **BENAVIDES–SA-LAMONCA,** aka Rubenia Benavides–Salamonca, aka Rubenia Del Carmen Benavides, aka Rubenia Del Carmen Garcia de Benavides, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–73166.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.[*]

Filed Sept. 21, 2010.

Henry Cruz, Rios Cantor, PS, Seattle, WA, for Petitioner.

OIL, Benjamin Zeitlin, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM [**]

Rubenia Del Carmen Benavides–Salamonca, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals dismissing her appeal from the immigration judge's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Benavides–Salamonca concedes that her asylum application was time-barred. We reject Benavides–Salamonca's claim that she is eligible for withholding of removal based on her membership in a particular social group, namely individuals who resist gang demands and report gang activities to the authorities. *See Barrios v. Holder,* 581 F.3d 849, 854–56 (9th Cir.2009) (rejecting as a particular social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"); *Santos–Lemus v. Mukasey,* 542 F.3d 738, 745–46 (9th Cir.2008) (rejecting as a social group individuals in El Salvador who resist gang violence). We also reject Benavides–Salamonca's withholding claim based on her imputed anti-gang political opinion. *See Santos–Lemus,* 542 F.3d at 747; *Molina–Morales v. INS,* 237 F.3d 1048, 1051–52 (9th Cir.2001) (holding that persecution because of personal vendetta for reporting local official to police is not prosecution on account of imputed political opinion). Because Benavides–Salamonca failed to demonstrate that she was persecuted on account of a protected ground, we deny the petition as to her withholding of removal claims. *Barrios v. Holder,* 581 F.3d 849, 856 (9th Cir.2009).

Substantial evidence supports the agency's denial of CAT relief because Benavides–Salamonca failed to establish it is more likely than not that she will be tortured if she returns to El Salvador. *See Santos–Lemus,* 542 F.3d at 748.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.